UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRIS JONES, et al.,**<br><br>                    **Plaintiffs,**<br><br>    *v.*<br><br>**MACFARLANE-CHANG DC SOCCER, LLC**<br>**d/b/a D.C. United,**<br><br>                    **Defendant.** | **Case No. 1:09-cv-01635 (ESH)** |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, in the course of discovery, the parties may be requested by each other to produce confidential, competitively sensitive, and/or or proprietary information; and

**WHEREAS**, Rule 26(c) of the Federal Rules of Civil Procedure contemplates the issuance of protective orders specifying the terms and conditions on which discovery may be had;

**NOW THEREFORE,** requesting the approval of the Court, the parties hereby agree as follows:

1.     All documents, including without limitation interrogatory responses, as well as deposition transcript pages (collectively "documents"), disclosed during discovery and that any party believes contain confidential information, competitively sensitive information, or proprietary information shall be handled in accordance with this Order. The term "documents" as used herein has the same definition as in Federal Rule of Civil Procedure 34(a).

2.     The purpose of this Order is to limit the disclosure and dissemination of Confidential Material, as defined herein, that is produced in discovery during the course of this action. It is intended to apply to the parties as well as to third parties who produce documents.

3.      The term "Confidential Material" means any material deemed confidential in good faith by a producing party because it contains financial data (including but not limited to bank account information, proof of payments, projected payments, and/or valuation reports), marketing strategy and techniques, operating financial information, security information, competitively sensitive information, or private and personal information.  Confidential Material may be oral, a tangible thing, a document, information contained in a document, information orally communicated, information revealed during a deposition, or information revealed in an interrogatory answer or other discovery.  Information and/or materials that have been previously publicly disclosed shall not be considered Confidential Material.

4.      The term "disclose" means to show, give, make available, or communicate to any person in any fashion, whether orally, in writing, or otherwise.

5.      The term "person" means any individual, firm, partnership, corporation, corporate division, subsidiary, company, trust, law firm, governmental branch or agency, incorporated or unincorporated association, and any other legal, commercial, or governmental organization or entity.

6.      Any Confidential Material may be so designated by stamping each page or pertinent portion thereof as "Confidential."

7.      Confidential Material shall be used only for the purpose of litigation or dispute resolution between the parties in the above-captioned action or in other litigation or arbitration proceedings between or among any of the parties and may not be used for any business or other purpose whatsoever.

8. Subject to the additional restrictions set forth in this Protective Order, Confidential Material may be disclosed only under the following conditions and to the following persons:

   a. All parties to this action, including any employees, officers, and directors of a party;

   b. Counsel for the parties who are providing legal advice to the parties for the prosecution or defense of claims between the parties, and employees and agents of such counsel actually assisting such counsel and any outside vendors engaged by such counsel to copy, scan and/or code documents;

   c. The Court and Court personnel, including stenographic reporters and videographers;

   d. Any person who a party intends to call as a witness at trial and/or outside, independent consultants and experts specially retained to assist outside counsel for the parties in the prosecution or defense of clams between the parties, and any necessary assistants, stenographic, and clerical employees under their direct supervision and employed by them or their employer or organization;

   e. The reporter and videographer recording a deposition involving Confidential Material, and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; and

   f. Any other person as to whom the parties in writing agree.

9. At the request of any party made either at the time of the deposition or within thirty (30) days after receipt of the official transcript thereof, any deposition testimony of any person (and any exhibits attached to such testimony) that contains Confidential Material shall be designated as "Confidential" and shall be so marked on each and every page so designated (on the original and all copies thereof). Depositions shall not be disclosed beyond those persons set forth in paragraph 8 above until specific designations are made by a party or other person entitled to make designations as to Confidential Material pursuant to this Order (a "Designating Person") or until the 30-day period for making such designations has expired, whichever occurs first.

10. Counsel for the parties shall be responsible for maintaining a list of all persons described in paragraph 8(d) herein to whom any other party's Confidential Material is or has been disclosed by them, and a copy of such list shall be provided to counsel for any other party promptly upon written request in the event counsel for any other party has a reasonable basis for believing that this Order has been violated.

11. Before disclosure of any Confidential Material to persons in the categories set forth in paragraph 8(d) of this Order, that person shall be furnished with a copy of this Order and shall sign a copy of the "Undertaking" attached as Exhibit A to this Order. Counsel responsible for such disclosure shall retain the original of each such executed Undertaking.

12. To the extent any Confidential Material is filed with the Court or is referenced in any Court filing, such filing shall be made in accordance with the procedures set forth in Local Rule 5.1(j), labeled and treated as a Document Subject To Protective Order, and shall only be filed with the Clerk of the Court under seal. The material so filed shall thereafter be maintained under seal until the Court orders otherwise.

13. A party may raise an objection to the designation of any information as Confidential Material at any time. Whenever a party objects to the designation of any information as Confidential Material and wishes to disclose such information beyond the terms of this Order, that party ("the Objecting Party") shall provide the other parties and Designating Person with seven (7) days' prior written notice of its objection and its desire to so disclose such information. If any affected party or Designating Person does not agree to the proposed disclosure within five (5) days of receiving such notice, the Objecting Party may apply to the Court for a determination of the propriety of the confidential designation. All Confidential Material subject to such a challenge shall remain subject to the restrictions of this Order unless

and until otherwise ordered by the Court or agreed by all affected parties or the Designating Person in writing.

14. The inadvertent or unintentional production of privileged or confidential material shall not be deemed a waiver in whole or in part of a party's claim of privilege or confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, so long as the mistake is promptly rectified.

15. The following shall be inadmissible at trial and shall not be used in any way to prove or indicate that the information is, in fact, confidential: (a) any party's agreement to this Order, (b) any party's designation of any information or material as Confidential Material hereunder, or (c) acquiescence to another party's (or a non-party's) designation of information or material as Confidential Material hereunder.

16. At the conclusion of all disputes between the parties, including any and all appeals arising therefrom, all documents, deposition testimony, transcripts or exhibits, or other materials in a party's possession, custody, or control, whether or not on file with the Court, which constitute, reproduce or reflect any Confidential Material, and any copies thereof, shall be returned to the party or non-party furnishing the same or, at the option of the producing party or non-party, and confirmed in writing, counsel for the party receiving the material designated as Confidential shall verify by sworn certificate to the producing party or non-party that all Confidential Material received and all copies thereof have been destroyed. In addition, all documents that contain Confidential Material that must be retained by the Court shall continue to be maintained by the Clerk of the Court under seal consistent with the Rules of the Court. As to those materials that contain Confidential Material, but constitute counsel's work product, counsel shall destroy such work product and all copies thereof, <u>provided that</u> counsel for each party may

retain one complete set of documents that were filed, served or produced in the action. The final disposition of this action shall not relieve any person who has received Confidential Material pursuant to this Order from the obligation of maintaining the confidentiality of such material and the information contained therein, and the Court shall retain jurisdiction after such final disposition for purposes of any application to enforce the terms of this Order for a period of five (5) years following the final resolution of this litigation.

17. In the event that a person subject to this Order receives any subpoena or other process relating to Confidential Material received pursuant to this Order, such person shall immediately send a copy of the subpoena or other process by email and/or facsimile to counsel for all parties and the person that designated the information as Confidential Material, and shall not disclose, furnish, or permit inspection of such documents or information to persons not subject to this Order without providing reasonable notice to all such counsel. Notice no less than ten (10) days in advance of the disclosure of the Confidential Material in response to any such subpoena or process shall be deemed reasonable notice; lesser notice is permissible only when circumstances make such reasonable notice impossible. Either the party that has produced the Confidential Material or the party receiving the subpoena or other process calling for the disclosure of Confidential Material to third parties shall have the right but not the obligation to object to such production.

18. Nothing in this Order shall prevent any of the parties from using any Confidential Material in connection with any dispute between the parties.

19. This Order shall be binding on all parties to this action and their respective counsel, and all those individuals signing the Undertaking in the form of Exhibit A hereto. This

Order shall also apply to any non-party witnesses to the extent they receive information designated as Confidential Material under this Order.

20. Any non-parties summoned for trial or served with a deposition notice or other discovery request and called upon to produce their own confidential or proprietary information may opt in to the protections of this Order and designate their information as Confidential Material pursuant to the terms of this Order by (i) advising counsel for all parties in writing, and (ii) complying with the terms of this Order.

IT IS SO ORDERED.

Date: _____     _____
United States District Judge Ellen S. Huvelle

Agreed and stipulated to by:

/s/ *Emily R. Pyser*_____     /s/ *Robert J. Tolchin*_____
James H. Hulme (No. 323014)              Robert J. Tolchin (No. NY0088)
Emily R. Pyser (No. 496500)              The Berkman Law Office, LLC
Arent Fox LLP                            111 Livingston Street
1050 Connecticut Avenue, N.W.            Suite 1928
Washington, DC  20036-5339               Brooklyn, New York 11201
(202) 857-6000                           (718) 855-3627

*Counsel for Defendant*                  *Counsel for Plaintiffs*

8

**Protective Order - Exhibit A**
**(Form of Undertaking)**

**<u>UNDERTAKING</u>**

I, _____, hereby declare:

     1.    I have read the Protective Order entered in this action and agree to be bound by the terms thereof, and to comply with the terms thereof.  I hereby submit to the jurisdiction of the Court for the purpose of enforcing the terms of this Protective Order in the event that I am alleged to have violated them.

     2.    I will not disclose or use (other than for purposes of giving testimony or assisting in the prosecution or defense of claims between the parties) any of the Confidential Material (as that term is defined in the Protective Order) to which I receive access pursuant to this Undertaking.

     3.    I declare under penalty of perjury that the foregoing is true and correct.

                                                                             _____
                                                                            [Name and signature of Witness here]